Mr. Justice Clayton
delivered the opinion of the- court.
This was a bill filed by the appellant in the superior court of chancery, to enjoin the sale of certain property under a deed of trust executed to secure the payment of a debt created by the purchase of a tract of land, and to rescind the contract of purchase on the ground of defect of title of the vendor. The land had been conveyed by deed with general warranty of title, and there had been no eviction. The bill charges fraud in the concealment of the defects in the title, and also alleges the insolvency of the vendor’s estate.
The answer denies the charge of fraud and concealment, and makes exhibit of a correspondence between the complainant and the vendor, in which the alleged defects are adverted to and canvassed. This was previous to the purchase. The correspondence bears marks of candor and fair dealing upon its face, the objections to the title are made the subject' of discussion, and the opinion confidently expressed that the title is good. The charge of insolvency is also denied, and the fact asserted-that the estate of the vendor is worth $50,000, after payment of all its liabilities. No proof was taken, and the complainant has not been evicted, or disturbed in his possession.
The principle is fully established, that in cases free from fraud, a purchaser of land who is in possession, cannot have relief in chancery against his contract to pay, on the mere ground of a defect of title, without a previous eviction. Anderson v. Lincoln, 5 How. 284; Abbott v. Allen, 2 Johns. Ch. 519.
The only two grounds alleged for the interposition of equity, are fraud and insolvency of the defendant. These are denied by the answer, and there is no proof to establish either. The complainant being in possession under a deed with warranty, with no fraud made manifest, and with nothing to show that *269 the covenantor is not able to pay any damages that may be recovered against him, has no right to call his vendor into a court of equity to litigate an adverse legal title. He must rely on his covenants, if he should be evicted.
The order dissolving the injunction is correct, and the same is hereby affirmed.